# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>NICHOLAS C. RESCINO<br><br>Respondent. | Case No. 5:20-cv-00881-BLF<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER**<br><br>[Re: ECF 36] |

The United States of America ("Petitioner") has brought the present action against Nicholas Rescino ("Respondent") to enforce an Internal Revenue Service ("IRS") summons. Pet., ECF 1. Respondent moves to dismiss the action under Federal Rule of Civil Procedure 12(b)(3) for improper venue; or, in the alternative, to transfer the action from the San Jose Division of the Northern District of California to the San Francisco Division of the Northern District of California under 28 U.S.C. § 1406(a); or, in the alternative, to transfer the action from the San Jose Division to the San Francisco Division under 28 U.S.C. § 1404(a). Am'd Mot., EFC 36.

Because this motion is suitable for disposition without oral argument, the hearing on the motion set for October 7, 2021, is VACATED. *See* Civ. L.R. 7-1(b). The show cause hearing previously ordered by the Court REMAINS SET for October 7, 2021. ECF 33. After reviewing the parties' submissions and the relevant case law, the Court DENIES Respondent's motion to dismiss or, in the alternative, to transfer.

## I. BACKGROUND

On August 6, 2019, Revenue Officer Joseph Meng served Respondent with a summons directing Respondent to provide testimony and documents. Pet. ¶¶ 6-7, Ex. A. Respondent did not appear on September 9, 2019, nor did he provide the documents as required by the summons. *Id*. ¶ 8. Respondent was offered another appointment with Meng on October 28, 2019, but again failed to comply with the summons. *Id*. ¶¶ 9-10.

The United States filed the Petition to enforce the summons on February 5, 2020. Pet. The action initially was assigned to Chief Magistrate Judge Joseph C. Spero in the San Francisco Division of the Northern District of California. ECF 2. Judge Spero issued an order to show cause why the IRS summons should not be enforced, set a deadline for Respondent to file a written response, and set a show cause hearing for April 10, 2020. ECF 5. Judge Spero subsequently granted the parties' stipulated request to extend the briefing schedule and reset the show cause hearing for July 10, 2020. ECF 10. Respondent failed to appear. ECF 14.

On August 4, 2020, Judge Spero issued a report and recommendation directing that the action be reassigned to a district judge and recommending that the Petition be granted. ECF 18. The action was reassigned to the undersigned. ECF 21. On August 25, 2020, this Court adopted Judge Spero's report and recommendation. ECF 24. The Court issued an order enforcing the IRS summons on September 1, 2020. ECF 26. Pursuant to that order, Respondent was required to produce the documents sought by the summons by October 7, 2020 and appear for testimony by phone on October 14, 2020. *Id*.

On March 31, 2021, Petitioner filed an application for entry of an order to show cause re contempt, asserting that despite numerous extensions granted by Petitioner, Respondent has failed to certify that he has produced all materials responsive to the IRS summons. ECF 32. Petitioner also represented that Respondent gave contradictory testimony during his deposition, that Respondent's counsel constantly interrupted, and that Respondent unilaterally terminated the

1  deposition when questioning became difficult. *Id*. The Court issued an order to show cause re

2  contempt on April 1, 2021, setting a deadline of September 9, 2021 for a written response from

3  Respondent, and setting a show cause hearing for October 7, 2021. ECF 33. Respondent has not

4  yet filed a written response to the order to show cause.

5  Respondent filed the present amended motion to dismiss or, in the alternative, to transfer

6  on April 21, 2021. ECF 36. Petitioner filed opposition on May 5, 2021. ECF 37. Respondent has

7  not filed a reply.

## II. LEGAL STANDARD

A party may seek dismissal of an action for improper venue. *See* Fed. R. Civ. P. 12(b)(3). Moreover, "[t]he district court of a district in which is filed a case laying venue in the *wrong* division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

Even where venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Courts in this District have regularly considered the following factors when deciding whether to transfer a case under § 1404(a):

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1040 (N.D. Cal. 2020); *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011); *Vu v. Ortho–McNeil Pharm.*, Inc., 602 F.Supp.2d 1151, 1156 (N.D. Cal. 2009). None of these factors is dispositive, and "a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Ctr. for Biological Diversity v. Kempthorne*, No. 08-1339, 2008 WL 4543043 (N.D. Cal. Oct. 10, 2008) (citation

1  omitted). "The burden is on the party seeking transfer to show that when these factors are applied,

2  the balance of convenience clearly favors transfer." *Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d

3  772, 776 (N.D. Cal. 2014) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270,

4  279 (9th Cir. 1979)).

**III.     DISCUSSION**

    **A.     Motion to Dismiss or Transfer for Improper Venue - Rule 12(b)(3) and § 1406(a)**

Respondent moves to dismiss this action for improper venue or, alternatively to transfer the action from the San Jose Division to the San Francisco Division of this District. Under the authorities set forth above, improper venue is an appropriate basis upon which to seek dismissal of an action. *See* Fed. R. Civ. P. 12(b)(3). Where venue is improper, the district court has discretion to transfer the action to any district or division in which it could have been brought, in lieu of dismissal. *See* 28 U.S.C. § 1406(a).

Respondent does not assert that venue is improper in the Northern District of California as a whole, but rather that venue is proper in the San Francisco Division and not in the San Jose Division. Am'd Mot. at 2. While certain types of civil action are subject to division-specific assignment under the District's Assignment Plan, federal tax suits such as the present action are not. *See* Civ. L.R. 3-2(c) ("The following are excluded from this division-specific venue rule and will be assigned on a district-wide basis: . . . Federal Tax Suits . . . ."). This Court's Civil Local Rule 3-2(c) expressly provides that federal tax suits may be heard in any division in the District. *See id.* Respondent has not cited any authority suggesting that Civil Local Rule 3-2(c) would not apply in this case.

Petitioner argues that Respondent has waived any challenge to venue by waiting nearly eight months after transfer to the San Jose Division before raising the issue. Section 1406, upon which Respondent relies, provides that "[n]othing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient

4

objection to the venue." 28 U.S.C. § 1406(b). Having concluded that venue is proper in the San Jose Division, the Court need not and does not reach Petitioner's waiver argument.

The Court DENIES Respondent's motion to dismiss or transfer for improper venue.

**B.     Motion to Transfer - § 1404(a)**

Respondent alternatively moves to transfer this action to the San Francisco Division under § 1404(a). As noted above, courts in this District routinely consider eight factors when a party moves to transfer under § 1404(a). *See Epic Games, Inc.*, 435 F. Supp. at 1040. Of the factors listed above, Respondent's motion addresses three: (1) convenience of the parties, (2) convenience of the witnesses, and (3) ease of access to the evidence. ECF 36-1, ¶ 4. The burden is on Respondent to show that, considering the relevant factors, the balance of convenience clearly favors the transfer. *See Lax*, 65 F. Supp. 3d at 776.

Respondent argues "[it] would be burdensome and inconvenient for witnesses and [him]self to attend trial in San Jose" because of the time away from Respondent's business, located in San Francisco, and other pursuits. ECF 36-1 ¶¶ 3-4. However, as Petitioner points out, this is an action to enforce a summons, and thus there will not be a trial. *See* Opp'n at 4, ECF 37. To the extent Respondent seeks to avoid appearing in the San Jose Division for the show cause hearing set for October 7, 2021, Respondent noticed his own motion to dismiss or transfer for hearing in the San Jose Division on the same date. Consequently, Respondent's convenience-based argument is unpersuasive.

Respondent also argues that he seeks to transfer this case to the San Francisco division because "[a]ll of the books and records are located in San Francisco." ECF 36-1 at 2. Petitioner correctly notes that Respondent has not shown any necessity for transporting books and records to San Jose. Opp'n at 4. At this time, Respondent need only file his response to the order to show cause, which can be done online, *see* Civ. L.R. 5-1(e)(1), and appear at the show cause hearing. If Respondent's concern is his ability to produce the relevant "books and records" to the IRS in

5

1  response to the summons, that is a separate matter not before this Court.

2  The Court DENIES Respondent's motion to transfer pursuant to § 1404(a).

### IV. ORDER

(1) For the foregoing reasons, the Court DENIES Respondent's motion in its entirety;

(2) The Court VACATES the hearing on Respondent's motion, previously set for October 7, 2021;

(3) The show cause hearing REMAINS SET before the undersigned on October 7, 2021 at 9:00 a.m.; and

(4) This order terminates ECF 36.

Dated: September 8, 2021

_____
BETH LABSON FREEMAN
United States District Judge