UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>NICHOLAS C. RESCINO,<br><br>Respondent. | Case No.  20-cv-00881-BLF<br><br>**ORDER FINDING RESPONDENT IN CIVIL CONTEMPT**<br><br>[Re:  ECF 32, 33] |

Petitioner United States of America ("the Government") brought this suit to enforce an Internal Revenue Service ("IRS") Summons issued to Respondent Nicholas Rescino ("Rescino"). Pet., ECF 1.  The Court issued an Order Enforcing IRS Summons ("Enforcement Order") on September 1, 2020, requiring Rescino to (1) produce all materials demanded by the Summons and (2) appear and give sworn testimony as required by the Summons.  Enforcement Order, ECF 26. The Government claims that Rescino has not complied with the Court's Enforcement Order and subsequent orders modifying the Enforcement Order.

On March 31, 2021, the Government filed an Application for Entry of Order to Show Cause Regarding Contempt of Court ("Contempt Motion").  Contempt Mot., ECF 32.  The Court issued an Order to Show re contempt on April 1, 2021, setting a deadline for Rescino to file a written response and setting a show cause hearing for October 7, 2021.  Order to Show Cause, ECF 33.  Rescino did not file a written response.  He appeared at the show cause hearing with counsel on October 7, 2021.

For the reasons discussed below, the Court HEREBY FINDS Rescino in civil contempt. Rescino may purge the contempt by submitting the materials demanded by the IRS Summons to the Government by 5:00 p.m. on October 14, 2021, in the manner set forth herein. If Rescino does not submit the required materials by that deadline, he will be subject to a fine of $250 per day that he does not comply, those fines to accrue for twenty-one days after expiration of the purging period. If Rescino does not submit the required materials by the end of the twenty-one day fine period, the Court will issue a bench warrant for his arrest.

**I.  BACKGROUND**

*Rescino's Failure to Respond to IRS Summons*

The Government's Verified Petition to Enforce Internal Revenue Service Summons ("Petition") alleges the following facts: on August 6, 2019, Revenue Officer Joseph Meng served Rescino with a Summons directing him to provide certain documents and appear to give testimony on September 9, 2019. Pet. ¶¶ 6-7 & Ex. A. Rescino did not comply. *Id*. ¶ 8. By letter dated September 20, 2019, Rescino was offered an opportunity to comply with the Summons by appearing on October 28, 2019. *Id*. ¶ 9. He again did not comply. *Id*. ¶ 10. The Government thereafter filed the Petition in the present action on February 5, 2020. Pet., ECF 1.

*Rescino's Failure to Respond to Judge Spero's Order to Show Cause*

The action initially was assigned to Chief Magistrate Judge Joseph C. Spero, who issued an Order to Show Cause why the IRS Summons should not be enforced, set a deadline for Rescino to file a written response, and set a show cause hearing for April 10, 2020. Order to Show Cause, ECF 5. Judge Spero subsequently granted the parties' stipulated request to extend the briefing schedule and reset the show cause hearing for July 10, 2020. Joint Stip. and Order, ECF 10. Rescino failed to appear at the show cause hearing. Civil Minute Order, ECF 14. On August 4, 2020, Judge Spero issued a report and recommendation ("R&R") directing that the action be reassigned to a district judge and recommending that the Petition be granted. R&R, ECF 18. The action was reassigned to the undersigned. Order Reassigning Case, ECF 21.

*This Court's Orders Enforcing IRS Summons*

This Court adopted Judge Spero's R&R and issued an Enforcement Order on September 1,

2020. Enforcement Order, ECF 26. Specifically, the Court ordered Rescino to (1) produce all materials demanded by the IRS Summons to Revenue Officer Joseph Meng by October 7, 2020, and (2) appear and give sworn testimony before Officer Meng on October 14, 2020. *Id*. The Enforcement Order required that the document production "shall be made by electronic facsimile to (866) 258-3756," and provided that Rescino's testimony would be taken by telephone and recorded by the IRS. *Id*.

When Rescino failed to produce documents by October 7, 2020, the Government sent him a letter extending his production deadline to October 21, 2020 and resetting his testimony date for November 6, 2020. Contempt Mot. Exh. A. Rescino failed to produce documents by the extended deadline. Contempt Mot. Exh. C. However, Rescino retained counsel who represented to the Government that Rescino would produce approximately 1,000 pages of documents. *Id*. The Government agreed to a further extension of the production deadline to November 13, 2020 and an extension of the testimony date to December 4, 2020. Stip. and Order, ECF 29. The Court approved the extended deadlines in a stipulation and order filed November 12, 2020. *Id*.

Rescino produced only 29 pages of documents, and he failed to provide a declaration verifying his compliance with the Petition. Contempt Mot. Exh. C. On November 18, 2020, the Government sent a letter to Rescino's counsel requesting completion of production by November 20, 2020. *Id*. On December 3, 2020, the Government sent a second letter to Rescino's counsel, noting that Rescino had produced a total of 108 pages of documents and that some documents were unsigned. Contempt Mot. Exh. D. The Government requested completion of production by December 8, 2020 so that Rescino's testimony could be taken on December 15, 2020. *Id*.

On December 11, 2020, the Government sent a third letter to Rescino's counsel, noting that additional responsive documents apparently had been sent via USPS to the IRS's physical office in San Francisco rather than transmitted electronically as required by the Court's Enforcement Order. Contempt Mot. Exh. E. The Government proposed extending Rescino's production deadline yet again so that he could complete his production. *Id*. The Government also stated that it would make an exception to its policy requiring production in electronic format, and would accept production by Federal Express or other courier that provides a tracking number, *if* all

3

documents were produced as a single, Bates stamped batch, and if Rescino provided a declaration identifying the Bates range of materials produced and certifying that they included all materials in his possession, custody, or control responsive to the Summons. *Id.*

On December 28, 2020, the Court approved the parties' stipulated request to extend Rescino's production deadline to January 8, 2021. Order Approving Status Report and Stip., ECF 31. The Court ordered that by January 8, 2021, Rescino was to: "(i) produce as a single batch, via Federal Express or other courier, all responsive materials in his possession, custody, or control; (ii) affix a sequential Bates stamp to each page of that production; and (iii) include a declaration, signed by Respondent, certifying that the Bates range being produced represents all materials in his possession, custody, or control that are responsive to the summons." *Id.* The Court also ordered that Rescino provide testimony to the IRS in late January or early February. *Id.* The Court ordered the parties to submit a status report regarding Rescino's compliance with the Summons by February 11, 2021. *Id.*

*Government's Contempt Motion*

The parties did not submit the expected status report. Instead, the Government filed its Contempt Motion on March 31, 2021. Contempt Mot., ECF 32. The Government asserts that Rescino has produced a total of 336 pages of documents, but the production appears to be missing documents and Rescino has not provided a declaration certifying that his production includes all materials in his possession, custody, or control that are responsive to the Summons.

The Government also asserts that although Rescino appeared for testimony by WebEx on February 17, 2021, he refused to answer certain questions and ultimately terminated the deposition unilaterally before it was completed. The Government submits a transcript of Rescino's deposition, reflecting Rescino's testimony that his business operates out of a building owned by his father, that his father sometimes gifts the rent. Contempt Mot. Exh. F at 27:14-28:3. When the Government attempted to determine when and what rent had been gifted, Rescino's counsel interrupted, raised his voice, and terminated the deposition before the Government could finish questioning Rescino. *Id.* at 40:3-51:18. The Government sent a letter to Rescino's counsel dated March 11, 2021, offering to meet and confer regarding Rescino's failure to certify that he has

4

1  produced all responsive materials in his possession, custody, or control, and failure to complete his
2  deposition.  Contempt Mot. Exh. O.  Rescino's counsel did not respond.
3        The Government asks that Rescino be held in contempt for his failure to comply with the
4  Court's Enforcement Order and subsequent orders modifying the Enforcement Order.  In
5  particular, the Government asks that:  Rescino be ordered to pay the Government's costs and
6  attorneys' fees incurred in taking his deposition on February 17, 2021 and in filing the Contempt
7  Motion; the Court impose a $250 per day coercive fine on Rescino until he produces all
8  responsive documents and a declaration certifying compliance; the Court issue a bench warrant for
9  Rescino's arrest if he does not produce the required documents and declaration within 21 days;
10 and the Court require Rescino to complete his deposition.

*Court's Order to Show Cause*

On April 1, 2021, the Court issued an Order to Show Cause re contempt, setting a deadline for Rescino to file a written response and setting a show cause hearing for October 7, 2021.  Order to Show Cause, ECF 33.  Rescino did not file a written response.  He appeared at the show cause hearing with counsel on October 7, 2021.  When asked why no written response to the Order to Show Cause had been submitted, counsel stated that Rescino did not have the funds to pay the attorneys' fees necessary for preparation of a response.  When the Court inquired why Rescino could not have submitted a response *pro se*, counsel stated that he was unaware that was an option.

**II.    LEGAL STANDARD**

A district court has the inherent authority to enforce compliance with its orders through a civil contempt proceeding.  *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827-28 (1994).  "Civil contempt occurs when a party fails to comply with a court order." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986).  However, "substantial compliance with a court order is a defense to an action for civil contempt."  *Id*.  "If a violating party has taken all reasonable steps to comply with the court order, technical or inadvertent violations of the order will not support a finding of civil contempt."  *Id*. (quotation marks and citations omitted).  In addition, "[a]n alleged contemnor may defend against a finding of contempt by demonstrating a present inability to comply."  *United States v. Ayres*, 166 F.3d 991, 994 (9th

Cir. 1999).

The party alleging civil contempt must demonstrate by clear and convincing evidence that (1) the contemnor violated a court order, (2) the noncompliance was more than technical or *de minimis*, and (3) the contemnor's conduct was not the product of a good faith or reasonable interpretation of the violated order. *See United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010); *Ayres*, 166 F.3d at 994.

"Given the remedial purpose of the sanction, a finding of contempt must be accompanied by conditions by which contempt may be purged, spelled out in either the original order or the contempt order." *Bright*, 596 F.3d at 696. "Moreover, although the district court generally must impose the minimum sanction necessary to secure compliance, the district court retains discretion to establish appropriate sanctions." *Id*. (internal citations omitted).

The district court has the authority to issue a bench warrant for the alleged contemnor's arrest if necessary to enforce compliance. *See United States v. Rylander*, 460 U.S. 752, 761-62 (1983). "[T]o be constitutional, [the contemnor's] confinement must bear some reasonable relationship to the purpose for which he was committed." *Lambert v. State of Mont.*, 545 F.2d 87, 91 (9th Cir. 1976). The contemnor must be released if the court determines that the confinement no longer has any coercive effect and has become punitive. *See id.*

### III. DISCUSSION

In the present case, the Court has no difficulty concluding that the Government has demonstrated the elements of civil contempt by clear and convincing evidence, specifically that: (1) Rescino violated the Court's Enforcement Order and subsequent orders modifying the Enforcement Order; (2) Rescino's noncompliance was more than technical or *de minimis*, and (3) Rescino's conduct was not the product of a good faith or reasonable interpretation of the Court's orders.

At the hearing, Rescino's counsel disputed the Government's characterization of Rescino's document production as incomplete and represented that Rescino has produced all documents responsive to the IRS Summons. However, Rescino's counsel conceded that Rescino has not provided a declaration, signed under penalty of perjury, certifying that he has produced "all

materials in his possession, custody, or control that are responsive to the summons." Such a declaration is required by the Court's Order Approving Status Report and Stipulation filed at ECF 31 on December 28, 2020. Because Rescino's production to the Government is not complete absent such a declaration, Rescino clearly has violated the Court's orders.

Rescino's failure to comply with the Court's orders constituted more than technical or *de minimis* noncompliance. The Government cannot proceed with its enforcement efforts without all requested documents, accompanied by a proper declaration by Rescino stating under penalty of perjury that he has produced all materials in his possession, custody, or control that are responsive to the IRS Summons. There is no evidence in the record suggesting that Rescino's conduct was the product of a good faith or reasonable interpretation of the Court's orders. The Court's orders clearly require production of all documents identified in the IRS Summons, along with a declaration certifying compliance and containing specific language, which was not provided.

For these reasons, the Court HEREBY FINDS that Rescino is in contempt of the Court's orders. Based on the representations of Rescino's counsel at the hearing, and without objection by the Government, the Court will grant Rescino an opportunity to purge his contempt before any sanctions are imposed. Rescino may purge his contempt by submitting the materials demanded by the IRS Summons, along with a declaration certifying compliance, to the Government by 5:00 p.m. on October 14, 2021. If Rescino does not submit the required materials by that deadline, he will be subject to a fine of $250 per day that he does not comply, those fines to accrue for twenty-one days after expiration of the purging period. If Rescino does not submit the required materials by the end of the twenty-one day fine period, the Court will issue a bench warrant for his arrest.

The Government argues that in addition to violating the Court's orders with respect to document production, Rescino also violated the Court's orders by unilaterally terminating his deposition before the Government could complete its questioning. The Court's orders required Rescino to appear and give testimony, which he did. On this record, the Court finds that it is not clear that Rescino acted in contempt of its orders by terminating the deposition. The Court is especially reluctant to make a contempt finding based on the termination of the deposition, as the deposition transcript shows that the premature termination of the deposition stemmed from the

7

conduct of Rescino's counsel rather than Rescino himself. However, the Court will order Rescino to complete his deposition. Unilateral termination of the deposition by Rescino or his counsel will be considered a violation of this order and may subject Rescino to further contempt sanctions.

With respect to the deposition, the Court finds it necessary to address the incivility demonstrated by Rescino's counsel during the deposition proceedings. The Court raised this issue with counsel at the show cause hearing. Rescino's counsel asserted that he lost patience with the Government because the deposition was taking too long and conflicted with another appointment he had made, and the Government unreasonably indicated that it wished to take a deposition lasting as long as six hours. The Court advised Rescino's counsel on the record that a six-hour deposition is reasonable on this record and that counsel does not have the right to unilaterally terminate a deposition. The Court also stated its expectations that all counsel would act in a civil manner going forward, and that any lack of civility could give rise to sanctions.

The Government asks that Rescino be ordered to pay the Government's costs and attorneys' fees incurred in taking his deposition on February 17, 2021 and in filing the Contempt Motion. The Court denies this request without prejudice. While the Court declines to impose payment of the Government's costs and attorneys' fees as a sanction at this time, the Government may requests costs and attorneys' fees based on any future noncompliance of the Court's orders by Rescino.

**IV. ORDER**

(1) The Court HEREBY FINDS Rescino in civil contempt.

(2) Rescino may purge the contempt by submitting all documents demanded by the IRS Summons, and identified below, to the Government by 5:00 p.m. on October 14, 2021. Such submission shall be made via email to the Government's counsel. This deadline may be extended by a joint stipulation of the parties.

(3) Rescino's submission to the Government must include a declaration under penalty of perjury stating that, after a diligent search, Rescino has produced all documents in his possession, custody, or control that are responsive to the IRS Summons. With respect to each of the following documents demanded in the IRS Summons, Rescino shall state in his declaration

8

1  that the document (a) has been produced to the Government, (b) is being produced

2  contemporaneously with the declaration, or (c) is not in Rescino's possession, custody, or control.

3      (4)    The documents that Rescino is required to produce include the following:

4          (a)    As set forth in the IRS Summons at ECF 1, page 7 of 13:

Period information: Form 940 for the calendar periods ending December 31, 2009, December 31, 2010, December 31, 2011, December 31, 2012, December 31, 2013, December 31 , 2014 and December 31, 2016 and Form 941 for the quarterly periods ending June 30, 2009, September 30, 2009, December 31, 2009, March 31, 2010, June 30, 2010, September 30, 2010, December 31, 2010, March 31, 2011, June 30, 2011 , September 30, 2011, December31, 2011, March 31, 2012, June 30, 2012, September 30, 2012, December 31, 2012, March 31, 2013, June 30, 2013, September 30, 2013, December 31, 2013, March 31, 2014, June 30, 2014, September 30, 2014, December 31, 2014, September 30, 2016, December 31, 2016, March 31, 2017, June 30, 2017 and June 30, 2018.

11          (b)    As set forth in the IRS Summons at ECF 1, page 6 of 13:

All documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest.  These records and documents include but are not limited to:  all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period:  From 01/01/2019 To 07/30/2019.   Also include all current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, notes and judgments receivable, and all life or health insurance policies.

17  Counsel for the Government clarified at the hearing that these documents include all the

18  following for all relevant periods:  Form 433-A, Form 433-B, W2, W3.

19      (5)    If Rescino does not submit the required materials by 5:00 p.m. on October 14,

20  2021, or by an extended deadline pursuant to a joint stipulation of the parties, he will be subject to

21  a fine of $250 per day that he does not comply, payable to the United States District Court.  Those

22  fines will accrue for twenty-one days after expiration of the purging period.

23      (6)    If Rescino does not submit the required materials by the end of the twenty-one day

24  fine period, the Court will issue a bench warrant for his arrest.  In that event, Rescino will be

25  subject to coercive confinement until he submits the required materials to the Government or until

26  he has been confined for five days, whichever is sooner.  The Court finds that Rescino's continued

27  confinement for more than five days would not have any coercive effect.

28      (7)    Rescino SHALL appear to give testimony at his resumed deposition upon five

1  days' notice by the Government, on a date selected by the Government.  The resumed deposition
2  shall be completed no later than December 15, 2021, unless an extension is mutually agreed upon
3  by both parties.

4    (8) As soon as is practicable, the Government SHALL serve this order on Rescino via
5  email to his counsel, and SHALL file proof of such service.

Dated:  October 7, 2021

_____
BETH LABSON FREEMAN
United States District Judge